# COUNTY OF MORTON, Appellant, v. COUNTY OF BURLEIGH, Respondent.

### (219 N. W. 303.)

**Counties — change of venue — county from which venue was changed — chargeable with expense of maintaining panel.**

1. Where a defendant in a criminal case procured a change of place of trial and the cause was transferred to another county where it was tried, and where the jurors of the regular panel not sitting in the case were not excused from further service, it is held, under the facts stated in the opinion, that the per diem cost of maintaining the panel during the trial of the case was properly chargeable to the county from which such case was transferred.

**Counties — expense of guarding prisoners chargeable to county from which venue was changed.**

2. Where representations were made to a district judge of the district to which a prisoner was transferred for the purpose of trial that the county jail was not safe, and where the sheriff was ordered to take whatever measures were reasonably necessary to safely keep the prisoner, and where the sheriff employed extra guards for that purpose, it is held that the added expense directly due to guarding for the prisoner is chargeable, under § 7810 of the Compiled Laws of 1913, to the county from which he was transferred.

**Counties — expense of caring for children of prisoner to keep them from courtroom during trial chargeable to county from which venue is changed.**

3. Where a reasonable expense is incurred during the trial of a criminal action under an order of the court directing the employment of a suitable person to care for the small children of the prisoner, whose presence in the court room is detrimental to a proper trial, such reasonable expense is a disbursement constituting a lawful charge against the county, under § 7810 of the Compiled Laws of 1913.

56 N. Dak.—47.

Opinion filed May 3, 1928.

Counties, 15 C. J. § 269 p. 566 n. 29; § 270 p. 568 n. 53.

Appeal from the District Court of Burleigh County, *Jansonius*, J. Affirmed.

*C. F. Kelsch*, State's Attorney and *M. K. Higgins*, Assistant State's Attorney, for appellant.

Where the right is clear it will not fail for want of a remedy. Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684.

"Actual means real as opposed to nominal; means something existing in fact." 1 Words & Phrases, 2d Series, 90.

"Under a statute providing that criers and bailiffs shall be deemed to be in actual attendance when they attend upon the orders of the court, 'actual attendance' exists when an officer is actually present upon the order of the court." Kelley v. United States, 41 Ct. Cl. 246.

"They (the witnesses) are entitled to statutory fee for each day they are actually in attendance before the court for the purpose of testifying in a particular case and not for a purely fictitious attendance." Wilkins v. National F. Ins. Co. 48 N. D. 1295, 189 N. W. 317.

"The trial court has no power to award costs not expressly authorized by statute." Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35.

"If a juror is excused from attending for a definite period he is not entitled to compensation for such period." 35 C. J. 310, 317.

"Under a statute providing that jurors shall receive a certain sum per diem for attendance upon court, a juror is not entitled to fees for the time during which he is dismissed from attendance on the court, before his final discharge." Jacobs v. Elliott (Cal.) 37 Pac. 942.

*F. E. McCurdy*, State's Attorney, for respondent.

"The expenses of the trial shall be taxed and allowed by the judge of the court where the trial took place, and the bill shall be presented to the county board of supervisors of the proper county, which board shall issue an order therefor in favor of the county in which the action was tried. It is plain that when the bill has been taxed and allowed, the sole function of the county board is to issue an order for the amount of the bill so taxed. They are not called upon either to allow or disallow. Allowance is superfluous; disallowance is ineffectual." Waushara County v. Portage County (Wis.) 52 N. W. 1135.

BIRDZELL, J. Morton county appeals to this court from an order of the district court of Burleigh county retaxing costs in the action of State of North Dakota v. Arnold Thiele. The defendant was charged with the commission of the crime of murder in Morton county. A change of venue was procured at the instance of the defendant and the cause was transferred to Burleigh county for trial. A statement of costs and expenses incident to the trial was made by the clerk of court, approved by the order of the trial court, and then filed with the county auditor of Morton county for payment. The latter county, feeling aggrieved, moved for retaxation, and from the order made upon the motion this appeal is taken. The facts will sufficiently appear in considering the specifications of error.

It is said that the court erred in the item which charges Morton county with the attendance of a jury panel, consisting of forty-two jurors, for five days. The record before us shows that the trial jury was impaneled and sworn in the afternoon of Tuesday, February 15, 1927. There is some conflict as to whether that portion of the panel which did not qualify as jurors in the particular case was excused until the next day and on each succeeding day until the trial was finished or whether it was excused until Friday afternoon or Saturday morning; but, as we view the matter, this conflict is not important. The trial of the case required several days and the verdict was returned on Saturday afternoon, February 19th. This was not the last case on the calendar. The trial court, in disposing of this contention, said:

"In going over the list, I find that three fourths of the jurors lived in the county. Twelve of these, not on the Thiele case, came from the Wilton, Regan, Wing vicinity (a remote part of the county). That part of the county was snowed in and practically all of them came down the night before on the train, and if they were required to go home, could not have left until the morning of the 16th, and then to be back here again the 18th would have to leave their homes the evening of the 17th. I did not excuse them because it was impracticable and it would cost more in mileage than to have them stay here.

"The twenty-four, as well as the twelve jurors sitting in the case, attended court each day, as is shown by the clerk's records. The state's attorney of Morton county claims they are not entitled to compensation because they did not actually sit in the case.

"Jury service is a duty of citizenship.  Because of the small per diem and mileage allowed by law it almost always means a sacrifice. Especially is that true in rural communities.  Some farmers in this county came as far as sixty-five miles to sit on the jury.  To be in Bismarck one day required them to be away from home three days, and from two to five dollars actual railroad fare for some of them, and for this the state's attorney contends they are entitled to just $4.00, with no mileage, and required to come back at their own expense.

".  .  .  It being a regular term of court, they were required to remain here for service on other cases, and it is unreasonable to claim they should go home at their own expense and come back when the next case was called."

We think it clearly appears that five days of the Burleigh county term of court was devoted to the trial of the action in question, from which it follows that Morton county should, as near as may be, bear the expenses incident to conducting the court for that period.  In the circumstances shown here, it was both reasonable and economical for the court to require that portion of the jury panel not in actual service to remain where they would be available for duty upon the conclusion of the case on trial, and the maintenance of the regular jury panel for the length of time required to try the case in question was an expense properly chargeable to Morton county.

The next item objected to is a charge of $395, as expenses incurred in guarding the prisoner.  It appears that the prisoner was brought to Burleigh county some forty days before the trial; that the sheriff had complained that the county jail was not safe; that prisoners had broken out only a short time before, and he was ordered by the court to take whatever measures were reasonably necessary to safely keep the prisoner.  There was some discussion between the court and the state's attorney relating to the expense of guarding the prisoner, and the latter officer was willing that the prisoner should be returned to Morton county provided he should be considered as remaining in the custody of the sheriff of Burleigh county while in the Morton county jail; but the sheriff of Burleigh county would not assent to this arrangement. The court was unwilling to make an unconditional order remanding the defendant to Morton county.  The trial court thought the emergency sufficient to have warranted the hiring of special guards had the

prisoner been a Burleigh county prisoner. The record does not show that the charge was unreasonable and that it was not properly incurred as an added expense directly due to caring for the prisoner in question. We think it a disbursement which is a lawful charge against the county under § 7810 of the Compiled Laws of 1913.

Objection is made to an item of $22.50, as a disbursement for the care of the children of the prisoner during the trial. The children were small. The state's attorney objected to their presence in the court room and the trial court questioned the propriety of their being there. He asked their mother to remove them, but she could not do so without absenting herself from the trial which she wished to attend; whereupon the court ordered that a suitable person be employed, and this was done. It would require legislators gifted with omniscience to anticipate every possible situation in which action is required on the part of courts who are primarily responsible for the administration of justice. We cannot, therefore, expect to find express legislation governing every minute detail. We think that the spirit of a statute like § 7810, supra, is best observed by holding that any reasonable charge incident to the proper conduct of a criminal case is a lawful charge.

The order appealed from is affirmed.

NUESSLE, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.